# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 12-6039
_____

In re: Mark Troy Turpen

    Debtor

--------------------

Mark Troy Turpen

    Debtor – Appellant

v.

Norman E. Rouse

    Trustee – Appellant

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States Bankruptcy Court for the Western District of Missouri

_____

Submitted: October 9, 2012
Filed: November 2, 2012

_____

Before KRESSEL, Chief Judge, SALADINO and NAIL, Bankruptcy Judges

_____

KRESSEL, Chief Judge

Mark Troy Turpen appeals from a May 29, 2012 bankruptcy court[1] order sustaining the trustee's Objection to Debtor's Claim of Exemptions and granting the trustee's Motion to Compel Turnover. The bankruptcy court ruled that Turpen's claimed exemption of $1,050.00 for three unrelated children ($350.00 each) living in his house did not fall within the ambit of Missouri Revised Statute § 513.440 and that an amount to be calculated and agreed upon by the parties based on the sustained objection was property of the estate and must be turned over to the trustee, Norman E. Rouse. We affirm.

## BACKGROUND

Turpen is single and lives with his two minor children, an unrelated woman, and the woman's three minor children. He filed a voluntary chapter 7 petition on October 12, 2011. Turpen filed amended schedules B and C on February 20, 2012. The amended schedule B listed a 2011 tax refund of $8,491.00, and the amended schedule C listed claimed exemptions in that refund totaling $3,600.00: $600.00 under § 513.430.1(3) and $3,000.00 under § 513.440, $1,250.00 for Turpen as head of the family, and $350.00 each for his two minor children and the woman's three minor children. The trustee objected to the $1,050.00 exemption for the

_____

[1] The Honorable Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

2

woman's three minor children on the basis that they are not related to the debtor; and requested an order compelling turnover of $4,072.98.[2]

A hearing was held on May 24, 2012 on both motions. The parties disputed whether § 513.440 allows the head of a family to claim exemptions for unrelated children. The bankruptcy court ruled that the language of § 513.440 is plain and unambiguous and held that to fall within the compass of the exemption, children must be related to the head of the family either biologically or by adoption.

## JURISDICTION

We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b).

## STANDARD OF REVIEW

The interpretation of a statute is a question of law which we review *de novo*. *Kolich v. Antioch Laurel Veterinary Hospital (In re Kolich)*, 328 F.3d 406, 408 (8th Cir. 2003).

---

[2] We are confused by the trustee's math. An $8,491.00 refund minus $1,950.00 in valid § 513.440 claimed exemptions equals $6,541.00; minus another $600.00 in claimed exemptions under § 513.430.1(3) results in property of the estate of $5,941.00. Had the trustee not objected to the claimed exemptions for the woman's children, subtracting the additional $1,050.00 would result in property of the estate equaling $4,891.00. By our calculations, if Turpen had simply turned over the requested $4,072.98 he would have retained more than he could properly exempt under Missouri's exemption statutes. Fortunately, it seems the parties have agreed on the amount that needs to be turned over to the trustee if his exemption objection is sustained.

**DISCUSSION**

The sole issue on appeal is whether MO. REV. STAT. § 513.440 provides an exemption for children who are not related—either biologically or through adoption—to the head of a family. Section 513.440 states in pertinent part:

> Each head of a family may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of one thousand two hundred fifty dollars plus three hundred fifty dollars for each of *such person's unmarried dependent children*[3] under the age of twenty-one years[4] …

MO. REV. STAT. § 513.440.

**Plain and unambiguous**

Turpen's primary argument is that the word "children" as used in § 513.440 is ambiguous, demanding a broader interpretation of the statute. He asserts that the Merriam-Webster online dictionary provides four definitions for the word child and that because the definition "a son or daughter of human parents" is listed fourth numerically, prioritized below three other meanings, the statute does not plainly refer only to the children of the head of the family—but includes all children of the family.

Creative as it is, Turpen's argument is unfounded. First, we doubt the Missouri legislature consulted this dictionary, or any other for that matter, as it

---

[3] Emphasis added.

[4] The Missouri legislature adopted a change to the statute increasing the age of a child who qualifies for the exemption from under the age of 18 years to under the age of 21 years. The legislation was approved on July 14, 2012 and went in to effect 90 days later on October 12, 2012. The change is immaterial because the three children in question were ages 1, 3, and 5 as of March 23, 2012.

crafted the statute. Plus, the Merriam-Webster's Collegiate Dictionary explains in its "Explanatory Notes" that the enumerated definitions are "senses" of the word. *See MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY* 20a (11th ed. 2007). The note goes on to say that "[t]he system of separating the various senses of a word by numerals … is a lexical convenience. It reflects something of their semantic relationship, but it does not evaluate senses or set up a hierarchy of importance among them." *Id.* In other words, the sense of the word child listed first is no more plain than the sense listed fourth.

Proper statutory analysis demands that we assume a statute says what it means and means what it says. *Owner-Operator Independent Drivers Ass'n, Inc. v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011). We begin our analysis with the plain language of the statute. *Id.* If the words of the statute are unambiguous, our inquiry is complete. *Id.* (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)). Here, the plain language of the statute—specifically the use of the possessive form of person—indicates that the plain meaning of children is "a son or daughter belonging to such person." For that matter, any of the definitions listed by the debtor[5], when combined with the possessive form of person, lead to a plain and ordinary meaning of "son or daughter belonging to such person", *e.g.* "recently born person belonging to such person." Or when stated in common parlance: a father's child. We agree with the bankruptcy court. The language of § 513.440 plainly states that only a child belonging to the head of the family—by either blood or adoption—qualifies for the unmarried dependent child exemption.

---

[5] 1. "an unborn or recently born person"; 2. "a young person especially between infancy and youth"; 3. "a youth of noble birth"; 4. "a son or daughter of human parents."

5

*In loco parentis*

Turpen argues alternatively that the statute permits exemptions for children of which the head of the family is *in loco parentis*. The case Turpen cites is *State v. Smith*, 485 S.W.2d 461 (Mo. Ct. App. 1972). *Smith* is a child abuse case analyzing the following statute:

> If any mother or father of any infant child under the age of sixteen years, … *or any other person having the care and control*[6] of any such infant, shall unlawfully and purposely assault, beat, wound or injure such infant, whereby its life shall be endangered or its person or health shall have been or shall be likely to be injured, the person so offending shall, upon conviction, be punished …

MO. REV. STAT. 559.340[7]

In *Smith,* the defendant was charged with beating his step-daughter. His defense was that he was neither the father nor a person with care and control over her. After analysis, the *Smith* court concluded that the language "'any other person' includes one standing *in loco parentis* to the child." *Smith*, 485 S.W.2d at 467. Contrary to Turpen's argument, the court in *Smith* was not interpreting the word "child" but rather the phrase "any other person having the care and control." The statute at issue here contains no comparable language regarding "any other person with care and control of such infant." Section 513.440 plainly states that $350.00 exemptions are available only for the head of the family's unmarried

---

[6] Emphasis Added.

[7] § 559.340 has since been repealed and partially replaced by § 568.050 which provides an even broader description of who can commit the act of endangering a child by removing the parental and care and control elements: "A person commits the crime of endangering the welfare of a child … if [h]e or she with criminal negligence acts in a manner that creates a substantial risk to the life, body or health of a child less than seventeen years old." Mo. Rev. Stat. 568.050.

dependent children. There is no additional phrase such as, "or for any other children of the family." Section 559.340, although since repealed, demonstrates that the Missouri legislature understands how to draft a statute broad enough to include relationships outside of the traditional parental relationship. It chose not to do so when drafting § 513.440. We decline the debtor's invitation to do it judicially.

## CONCLUSION

For the reasons stated above, the order of the bankruptcy court is affirmed.

_____

7